FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN D., | No. 2:19-CV-00370-JTR |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 24. Attorney Chad Hatfield represents Susan D. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits on December 21, 2016, alleging disability since October 11, 2014, due to osteoarthritis, high blood pressure, panic/anxiety attacks, and carpal tunnel syndrome. Tr. 77-78. The application was denied initially and upon reconsideration. Tr. 105-07, 109-11. Administrative Law Judge (ALJ) R.J. Payne held a hearing on September 6, 2018, Tr. 37-76, and issued an unfavorable decision on November 19, 2018, Tr. 19-32. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 167-70. The Appeals Council denied the request for review on August 29, 2019. Tr. 1-7. The ALJ's November 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 29, 2019. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1963 and was 54 years old as of her date last insured in 2017. Tr. 31. She completed her GED and training as a pharmacy technician. Tr. 353. Her work experience was primarily as a pharmacy technician and in medical billing. Tr. 57-58, 204, 353. She injured her right shoulder in a work-related incident in 2013 and received a number of accommodations at her job for her final months of working. Tr. 67-68, 302-03. She eventually was laid off. Tr. 68. She testified her condition worsened considerably following the end of her job. *Id.*

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v). ///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 3

## ADMINISTRATIVE DECISION

On November 19, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 19-32.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured of December 31, 2017. Tr. 21.

At step two, the ALJ determined Plaintiff had the following severe impairments: level III extreme obesity with a body mass index (BMI) of up to 52, moderate degenerative joint disease of the right acromioclavicular joint and mild degenerative joint disease of the right glenohumeral joint, and degenerative joint disease of the right hip. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of sedentary work, with the following limitations:

> The claimant could lift no more than 20 pounds at a time occasionally and lift or carry 10 pounds at a time frequently; and, in an eight-hour workday with normal breaks, could sit for six to eight hours and stand and walk for only two hours total. The claimant could frequently push and pull both arm and hand controls and leg and foot controls within the weight limits given. In terms of non-exertional limitations, the claimant could engage in only occasional stooping, crouching, kneeling, and balancing; no crawling or climbing of ladders or scaffolds; and climbing of ramps and stairs was restricted to only 10 percent of a workday. The claimant could not work at unprotected heights or around hazardous machinery and could have only occasional exposure to heavy industrial-type vibration; pulmonary irritants; humidity; and extreme heat. Finally, the claimant could frequently handle with the dominant right hand and could not engage in overhead reaching with the dominant right upper extremity.

Tr. 24-25.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as an accounting clerk and insurance clerk. Tr. 30.

The ALJ alternatively found at step five that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of Cashier I, Billing Typist, and Check Casher. Tr. 31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 11, 2014, the alleged onset date, through December 31, 2017, the date last insured. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly evaluating the opinion from Dr. Ruppel; (2) not finding certain impairments to be severe at step two; (3) failing to develop the record and conducting an improper step three analysis; (4) rejecting Plaintiff's subjective complaints; and (5) making inadequate step four and step five findings. Plaintiff further argues substantial evidence supports a finding of disability.

## DISCUSSION

### 1.    Dr. Ruppel

Plaintiff asserts the ALJ improperly rejected the opinion from consultative examiner Lindsey Ruppel, D.O. ECF No. 15 at 10-13.

Plaintiff attended a consultative physical exam on July 29, 2017 with Dr. Lindsey Ruppel. Tr. 365-71. Dr. Ruppel diagnosed osteoarthritis of the AC joint and right hip and well-controlled hypertension. Tr. 370. She opined Plaintiff was

able to stand or walk for two hours and sit for four hours in an eight-hour workday, could lift and carry 20 pounds occasionally and 10 pounds frequently, was limited to occasional postural activities, and was limited to occasional manipulative activities with her right arm. Tr. 369. She further noted that an assistive device was not required, but should be used for comfort. *Id.*

The ALJ gave this opinion little weight, finding it inconsistent with the exam results and the record as a whole. Tr. 29. He specifically noted the sitting limitation was inconsistent with Plaintiff's lack of overt pain behavior during her psychological exam four months earlier and with Dr. Ruppel's notation that Plaintiff was able to sit without assistance. *Id.* He additionally noted the record contained no mention of Plaintiff using an assistive device, and found the limitations on manipulative activities to be inconsistent with the exam results showing normal functioning of her hands and normal range of motion despite pain. *Id.*

Plaintiff argues the ALJ's rationale is insufficient given the context of the opinion and exam, and other supportive evidence in the record backing up the limitations. ECF No. 15 at 10-13. Defendant argues the ALJ reasonably considered inconsistencies within the report and with the rest of the record in discounting Dr. Ruppel's opinion. ECF No. 24 at 7-9.

When an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer their conclusions, they "must set forth [their] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Dr. Ruppel's

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

1  opinion was contradicted by the state agency doctors' opinions and the medical
2  expert at the hearing. Tr. 48-53, 84, 98-99.

3       The Court finds the ALJ's reasoning does not reach the specific and
4  legitimate standard. The consistency of an opinion with the record as a whole is a
5  relevant factor for the ALJ to consider. 20 C.F.R. § 404.1527(c)(4). However, the
6  Court finds substantial evidence does not support the ALJ's conclusion that Dr.
7  Ruppel's opinion is inconsistent with her own exam notes or the record in general.
8  The evidence the ALJ pointed to in order to demonstrate inconsistency does not
9  actually undermine Dr. Ruppel's report. The fact that Plaintiff was able to sit and
10  rise to a standing position without assistance does not undermine the conclusion
11  that her osteoarthritis and degenerative changes in her hip would limit her to sitting
12  for no more than four hours in a day. Tr. 368, 370. Her ability to sit through a
13  psychological exam of unknown duration without displaying overt pain behavior is
14  not inconsistent with Dr. Ruppel's opinion either. The ALJ did not identify any
15  other evidence that he found to be inconsistent with Dr. Ruppel's assessed
16  limitations on sitting.

17       Similarly, the rationale the ALJ offered for discounting Dr. Ruppel's opinion
18  regarding manipulative limitations failed to address Dr. Ruppel's stated rationale.
19  Dr. Ruppel explained Plaintiff's decreased muscle strength and associated pain in
20  her right shoulder were the justifications for the limits on lifting, postural activities,
21  and manipulative activities. Tr. 370. The ALJ found Plaintiff's normal function in
22  both hands and normal range of motion despite pain did not justify the extent of the
23  limits. Tr. 29. However, Dr. Ruppel's exam documented decreased grip strength on
24  the right and 4/5 motor strength in her right deltoid, bicep, and tricep. Tr. 368.
25  Therefore, there was an objective basis for Dr. Ruppel's opinion that the ALJ
26  failed to discuss.
27  ///
28  ///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

1  The Court finds the ALJ failed to offer sufficient rationale for rejecting the
2  limits assessed by Dr. Ruppel. On remand, the ALJ will reevaluate this opinion
3  along with the rest of the medical evidence.

4  **2.      Plaintiff's subjective allegations**

5  Plaintiff contends the ALJ erred by improperly rejecting her subjective
6  complaints. ECF No. 15 at 16-19.

7  It is the province of the ALJ to make determinations regarding a claimant's
8  subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).
9  However, the ALJ's findings must be supported by specific, cogent reasons.
10  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant
11  produces medical evidence of an underlying medical impairment, the ALJ may not
12  discredit testimony as to the severity of an impairment merely because it is
13  unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
14  1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting
15  the claimant's testimony must be "specific, clear and convincing." *Smolen v.*
16  *Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834
17  (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify
18  what testimony is not credible and what evidence undermines the claimant's
19  complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.
20  1993).

21  The ALJ concluded Plaintiff's statements concerning the intensity,
22  persistence and limiting effects of her symptoms were not consistent with the
23  medical signs and laboratory findings of record. Tr. 26. He specifically found her
24  allegations of disabling limitations to be undermined by her reasons for stopping
25  work, the lack of supportive objective evidence, no evidence of her need for an
26  assistive device, and her lack of compliance with recommended treatment. Tr. 25-
27  28.
28  ///

Plaintiff argues the ALJ's analysis is not consistent with the evidence and that the ALJ found inconsistencies where none existed. ECF No. 15 at 16-19. Defendant argues the ALJ's reasons are all supported by substantial evidence and are reasonable interpretations of the record. ECF No. 24 at 4-7. The Court finds the ALJ's rationale is not supported by substantial evidence.

### a. Reasons for stopping work

The ALJ noted Plaintiff stopped working as of the alleged onset date due to a company lay-off and not due to her impairments, calling into question the severity of her symptoms as of the alleged onset date. Tr. 26. Plaintiff argues the ALJ failed to also consider Plaintiff's testimony that she had received warnings that her job was in jeopardy prior to the lay-off because of excessive absenteeism due to her impairments. ECF No. 15 at 17. Defendant argues this was a legitimate factor for the ALJ to consider, along with the fact that Plaintiff did not file for disability for another two years after she stopped working. ECF No. 24 at 5.

The Ninth Circuit has found that the reasons for leaving employment can support a rejection of a claimant's symptom statements. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). However, the ALJ did not discuss the broader circumstances of Plaintiff's work. Plaintiff testified that in the final months of her employment, her employer made numerous physical accommodations for her workstation, but she was still having difficulty performing, and that she had been told her job was in danger. Tr. 68. She further testified that her conditions had gotten considerably worse in the years since her employment ended. *Id.* The records reflect her requests for increased pain medication over the years to address worsening pain (Tr. 329, 478, 774) and her reports that her conditions got progressively worse over the years (Tr. 365, 659). While the circumstances for her work ending in October 2014 may be a reason to disbelieve that Plaintiff was disabled on the precise day she stopped working, the ALJ failed to explain how this factor detracts from Plaintiff's testimony regarding the worsening of her

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

physical condition over the following years. The Court finds this single fact to be insufficient to meet the clear and convincing standard for discounting a claimant's subjective pain and other symptom testimony.

### b. Assistive device

The ALJ questioned Plaintiff's testimony that she needed a walker because the record lacked evidence of her using an assistive device, and because the consultative examiner commented that an assistive device could be used for comfort but was not necessary. Tr. 27-28. Plaintiff argues she never testified she *required* such a device, but rather that she used one for prolonged walking. ECF No. 15 at 17. Defendant argues the ALJ reasonably found her testimony to be questionable given the lack of evidence of any use of a cane or walker at any time other than at the consultative exam. ECF No. 24 at 7.

The Court finds this was not a clear and convincing reason to discount Plaintiff's symptom testimony. Plaintiff did not testify that a cane or a walker had been prescribed, but rather that she had a walker that she used if she tried to do any extensive walking. Tr. 68. Similarly, in her adult function report she noted she used a cane for stability and safety but did not indicate that it was prescribed. Tr. 237. This is not inconsistent with her hearing testimony or the consultative examiner's opinion.

### c. Non-compliance with treatment recommendations

While acknowledging Plaintiff's lack of access to health care, the ALJ found Plaintiff demonstrated little engagement with at-home treatment that was recommended, calling into question the overall severity of her symptoms. Tr. 28. Specifically, the ALJ noted Plaintiff continued to smoke for over a year after being advised to stop, and noted her reports to the consultative examiner that she had not engaged in any physical therapy or at home exercises or stretches. *Id.* Plaintiff argues any deficits in her treatment were the result of her inability to afford healthcare. ECF No. 15 at 18. Defendant argues the ALJ reasonably considered

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

Plaintiff's lack of engagement with home care in assessing the severity of her conditions.

An unexplained or inadequately explained failure to seek or follow courses of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, in this case, the examples offered by the ALJ are insufficient to constitute evidence of a failure to follow treatment. Within a month of the recommendation to stop smoking, Plaintiff had begun to decrease her habit. Tr. 323, 325. She did eventually stop all together. Tr. 330. The addictive nature of cigarettes is a well-known fact. *See Shramek v. Apfel,* 226 F.3d 809, 812-13 (7th Cir.2000) (noting, in dicta, that nicotine's addictive properties made it "extremely tenuous" to discredit a claimant's description of her impairments based on the claimant's continued smoking). Therefore, the fact that it took her a while to break her 30-year smoking habit does not undermine her desire to improve her medical situation. With respect to physical therapy or at-home exercises, the ALJ cited only the consultative examiner's discussion of what treatments had been tried to treat her osteoarthritis. Tr. 365. Apart from general recommendations regarding lifestyle, the record does not reflect any specific exercise program being recommended until January 2018 when Plaintiff was given exercises to strengthen her low back. Tr. 673. There are no further records documenting her compliance with this recommendation. Because the record contains no specific treatment recommendations that Plaintiff did not follow, this rationale by the ALJ does not constitute a clear and convincing basis upon which to disregard her alleged symptoms.

### d.  Objective evidence

To the extent the ALJ found Plaintiff's allegations to be unsupported by the objective evidence, this alone is an insufficient basis upon which to reject her statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of ///

the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, the lack of objective evidence is not a sufficient rationale.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

**3.     Step two**

Plaintiff argues the evidence establishes additional severe impairments other than those found by the ALJ. ECF No. 15 at 14. Specifically, she argues the record demonstrates more than a slight abnormality from her cervical and lumbar spine problems, right side sciatica, and anxiety. *Id.* Defendant argues that because step two was resolved in Plaintiff's favor, Plaintiff was not prejudiced in any way from the omission of her back issues in the severe impairment findings. ECF No. 24 at 10-11. Defendant further argues that nothing in the record indicates her back problems limited her any more than the ALJ found in the RFC. *Id.*

As this claim is being remanded for reconsideration of medical evidence and Plaintiff's subjective reports, the ALJ will reconsider the severity of Plaintiff's impairments as needed.

**4.     Step three**

A claimant is considered disabled at step three when her condition meets the durational requirement and her impairments meet or equal a listed impairment in Appendix 1. 20 C.F.R. § 404.1520(d). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment" does not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, the ALJ is not required to state why a claimant fails to satisfy every criteria of the listing if they adequately

summarize and evaluate the evidence. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir.1990); *Lewis*, 236 F.3d at 512.

Listing 1.02 for major dysfunction of a joint due to any cause requires a showing of

> gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 1.02. An inability to ambulate effectively is defined as

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

*Id.* at Sec. 1.00B2b.

The ALJ found no listing was met or equaled, relying on the testimony of the medical expert at the hearing and finding an inability to ambulate effectively was not established by the medical evidence in the case, and that Plaintiff's extreme obesity did not meet the requirements for listing-level severity under Social Security Ruling 02-1p. Tr. 24.

///

1
2
3
4
5
6
7

Plaintiff argues the ALJ erred at step three by failing to assess with any specificity her ability to ambulate and the impact of her obesity. ECF No. 15 at 15. She asserts the record shows her ability to walk was impaired, thus indicating Listing 1.02A was potentially met or equaled.[1] *Id.* Defendant argues Plaintiff failed to show any error in the ALJ's step three analysis, as the record did not show an inability to ambulate effectively, noting repeated references to her normal gait and no evidence of the need for an assistive device. ECF No. 24 at 11-12.

8
9
10
11

The Court finds the ALJ did not err. Plaintiff has not identified any error in the ALJ's analysis, nor has she pointed to sufficient evidence to demonstrate listing-level severity of any of her impairments. However, on remand, the ALJ will reevaluate each of the steps in the five-step analysis.

12

**5.    Additional evidence submitted to the Appeals Council**

13
14
15
16
17
18

Plaintiff argues evidence submitted to the Appeals Council provides additional support for Dr. Ruppel's opinion and Plaintiff's receipt of a disabled parking permit, and asserts that the additional evidence of her low back condition supports her allegations of impaired sitting and ambulation. ECF No. 15 at 19-20. Defendant argues the Appeals Council appropriately found the evidence did not relate to the time period at issue. ECF No. 24 at 14-15.

19
20

On remand, the Commissioner will consider all relevant evidence in completing the five-step evaluation process.

21

_____

22
23
24
25
26
27
28

[1] Plaintiff also vaguely suggests the ALJ erred in failing to develop the record, noting that the medical evidence was limited due to Plaintiff's inability to afford more care. ECF No. 15 at 15. However, Plaintiff did not expand on this assertion or specify what evidence the ALJ failed to develop. The court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in the opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 14

**6.    Job findings**

Plaintiff argues the ALJ's error in evaluating the evidence resulted in an inaccurate RFC and a decision that is not supported by substantial evidence. ECF No. 15 at 20-21. Considering the case is being remanded for the ALJ to properly address the medical evidence and Plaintiff's subjective symptom testimony, the ALJ may be required to make new findings regarding the residual functional capacity and make a new determination at steps four and five.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision with respect to Plaintiff's subjective complaints is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints, and, as necessary, formulate a new RFC, obtain supplemental testimony from a vocational expert, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED IN PART**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED November 23, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 16